# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| BIONOL CLEARFIELD, LLC, | : | Case No. 11-12301 (PJW) |
| Debtor. | : | |
| In re: | : | Chapter 7 |
| BIONOL CLEARFIELD HOLDCO, LLC, | : | Case No. 11-12300 (PJW) |
| Debtor. | : | |
| In re: | : | Chapter 7 |
| BIOENERGY HOLDING, LLC, | : | Case No. 11-12302 (PJW) |
| Debtor. | : | |

## **CHAPTER 7 TRUSTEE'S MOTION FOR JOINT ADMINISTRATION OF CASES**

Alfred T. Giuliano (the "Trustee"), Chapter 7 Trustee for the estates of Bionol Clearfield, LLC, Bionol Clearfield Holdco, LLC, and BioEnergy Holding, LLC (collectively, the "Debtors"), hereby requests entry of an order for joint administration of the Debtors' respective chapter 7 cases (the "Cases") for procedural purposes pursuant to Rule 1015(b) of Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States District Court for the District of Delaware (the "Local Rules") (the "Motion"). In support of the Motion, the Trustee respectfully states as follows:

### **Jurisdiction**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein include Bankruptcy Rule 1015(b) and Local Rule 1015-1.

**Background**

4. On Jule 20, 2011 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

5. On June 20, 2011, the Trustee was appointed by the Office of the United States Trustee as Chapter 7 Trustee in these Cases.

6. Debtor Bionol Clearfield, LLC ("Bionol Clearfield"), Pennsylvania limited liability company, owns and operates the only commercial-scale corn ethanol biorefinery plant in Pennsylvania. Bionol Clearfield is 100% owned by Debtor Bionol Clearfield Holdco, LLC, a Delaware limited liability company, which is 100% owned by Debtor BioEnergy Holding, LLC, a Delaware limited liability company.

**Relief Requested**

7. By and through this Motion, the Trustee seeks, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, the joint administration of these chapter 7 Cases for procedural purposes only.

**Basis for Relief Requested**

8. Bankruptcy Rule 1015(b) provides, in relevant part: "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are

"affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. 11 U.S.C. § 101(2). Accordingly, this Court is authorized to grant the relief requested herein.

9. In addition, Local Rule 1015-1 provides in pertinent part as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Del. Bankr. L.R. 1015-1.

10. In support of this Motion, the Trustee is filing contemporaneously herewith the *Declaration of Alfred T. Giuliano, Chapter 7 Trustee, in Support of Motion for Joint Administration* (the "Declaration"). As provided in the Declaration, joint administration of the Debtors' respective estates is warranted and will ease the administrative burden for the Court and all parties in interest.

11. Joint administration of the Debtors' Cases will expedite the administration of these Cases and reduce administrative expenses without prejudicing any creditor's substantive rights. For example, joint administration will permit the Clerk of the Court to utilize a single general docket for these Cases and combine notices to creditors of the Debtors' respective estates and other parties in interest. The Trustee anticipates that numerous notices, applications, motions, other pleadings and orders in these Cases will affect many or all of the Debtors' estates. Joint administration will permit counsel for all parties in interest to include the Debtors' respective Cases in a single caption on the numerous documents that will be filed and served in these cases. Joint administration also will enable parties in interest in each of the Cases to be apprised of the various matters before the Court in all of the Cases.

3

12. Because these cases involve multiple Debtors with numerous parties in interest, the entry of an order of joint administration will: (a) significantly reduce the number of duplicate pleadings that otherwise would be filed with the Clerk of the Court; (b) simplify, for the Office of the United States Trustee, the supervision of the administrative aspects of these Cases; (c) render the completion of various administrative tasks less costly; and (d) minimize the number of unnecessary delays associated with the administration of multiple separate chapter 7 cases. Additionally, because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced by the proposed joint administration of these cases as each creditor may still file its claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.

13. Accordingly, the Debtor submits that joint administration of the Cases is in their best interests, as well as those of their respective estates, creditors and other parties in interest.

14. In addition, the Trustee requests that the Court approve the form of caption set forth on <u>Exhibit A</u> attached hereto. The Trustee submits that the use of this caption, without specific reference to every debtor and their individual case numbers, will eliminate cumbersome and confusing procedures and ensure uniformity of pleadings.

15. Finally, the Trustee requests that a docket entry reflecting the joint administration in these cases, in the form set forth in the proposed order attached hereto, be made in each of the Debtors' Cases.

## **Notice**

16. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the District of Delaware, (ii) counsel to the TD Bank, as administrative agent for the Debtors' prepetition first lien lenders, (iii) all other known secured creditors of the Debtors, (iv)

Debtor Bionol Clearfield's 20 largest unsecured creditors (including counsel if known)[1], and (v) all parties requesting notices pursuant to Bankruptcy Rule 2002.  The Trustee submits that no other or further notice need be provided.

      WHEREFORE, the Trustee respectfully requests entry of an order (i) granting the relief requested herein and (ii) granting the Trustee such other and further relief as the Court deems just and proper.

      Respectfully submitted,

**FOX ROTHSCHILD LLP**

By:    */s/ Sheldon K. Rennie*
    Sheldon K. Rennie, Esquire
    Delaware Bar No. 3772
    919 N. Market Street, Suite 1300
    Wilmington, DE  19801-3046
    (302) 654-7444/Fax (302) 656-8920
    srennie@foxrothschild.com

      -and-

    Michael G. Menkowitz, Esquire
    Joshua T. Klein, Esquire
    2000 Market Street, 20th Floor
    Philadelphia, PA 19103-3222
    (215) 299-2000/Fax (215) 299-2150
    mmenkowitz@foxrothschild.com
    jklein@foxrothschild.com

    Proposed counsel for Alfred T. Giuliano, Chapter 7 Trustee for the estates of Bionol Clearfield, LLC, *et al.*

Dated: July 22, 2011

---

[1] The other Debtors' filings in these Cases reflect that they do not have any unsecured creditors.