# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| BIONOL CLEARFIELD, LLC, | : | Case No. 11-12301 (PJW) |
| | : | |
| Debtor. | : | |
| In re: | : | Chapter 7 |
| | : | |
| BIONOL CLEARFIELD HOLDCO, LLC, | : | Case No. 11-12300 (PJW) |
| | : | |
| Debtor. | : | |
| In re: | : | Chapter 7 |
| | : | |
| BIOENERGY HOLDING, LLC, | : | Case No. 11-12302 (PJW) |
| | : | |
| Debtor. | : | |

## DECLARATION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, IN SUPPORT OF JOINT ADMINISTRATION OF CASES

| | | |
|---|---|---|
| STATE OF NEW JERSEY | : | |
| | : | SS |
| COUNTY OF CAMDEN | : | |

ALFRED T. GIULIANO, being duly sworn, deposes and states as follows:

1. On July 20, 2011 (the "Petition Date"), Bionol Clearfield, LLC, Bionol Clearfield Holdco, LLC, and BioEnergy Holding, LLC (collectively, the "Debtors"), each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). On July 20, 2011, I was appointed by the Office of the United States Trustee as Chapter 7 Trustee in these chapter 7 cases.

2. I submit this declaration (the "Declaration") in support of the *Chapter 7 Trustee's Motion for Joint Administration of Cases* (the "Joint Administration Motion"). All facts set forth in this Declaration are based upon my knowledge of the Debtors from my review of the Court

filings in these cases, information provided to me by certain of the Debtors' employees, if any, and/or my opinion based upon my experience and knowledge as a chapter 7 panel trustee for this District.

**Joint Administration Motion**

3. I am seeking joint administration of the Debtors' chapter 7 cases for procedural purposes only pursuant to Rule 1015(b) of Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States District Court for the District of Delaware (the "Local Rules").

4. Joint administration of the Debtors' chapter 7 cases will expedite the administration of these cases and reduce administrative expenses without prejudicing any creditor's substantive rights. For example, joint administration will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest. The Trustee anticipates that numerous notices, applications, motions, other pleadings and orders in these cases will affect many or all of the Debtors' estates. Joint administration will permit counsel for all parties in interest to include the Debtors' respective cases in a single caption on the numerous documents that will be filed and served in these cases. Joint administration also will enable parties in interest in each of the cases to be apprised of the various matters before the Court in all of the cases.

5. Because these cases involve multiple Debtors with numerous parties in interest, the entry of an order of joint administration will: (a) significantly reduce the number of duplicate pleadings that otherwise would be filed with the Clerk of the Court; (b) simplify, for the Office of the United States Trustee, the supervision of the administrative aspects of these cases; (c) render the completion of various administrative tasks less costly; and (d) minimize the number of

2

unnecessary delays associated with the administration of multiple separate chapter 7 cases. Additionally, because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced by the proposed joint administration of these cases as each creditor may still file its claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.

6. In addition, I am seeking approval of the form of caption set forth on <u>Exhibit A</u> to the Joint Administration Motion. I submit that the use of this caption, without specific reference to every debtor and their individual case numbers, will eliminate cumbersome and confusing procedures and ensure uniformity of pleadings.

7. I believe that joint administration of the Debtors' chapter 7 cases, and under the combined caption, is in their best interests, as well as those of their respective estates, creditors and other parties in interest.

8. I declare under penalty that to the best of my knowledge, the foregoing is true and correct.

Dated: July 22, 2011

                  /s/ *Alfred T. Giuliano*
                  Alfred T. Guiliano, Chapter 7 Trustee