*EXHIBIT A*

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Agreement") is made and entered into as of this 8th day of August, 2013, by and between ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE (the "Trustee") FOR BIONOL CLEARFIELD, LLC, BIONOL CLEARFIELD HOLDCO, LLC AND BIOENERGY HOLDING, LLC (collectively, the "Debtors"), and THE HITE COMPANY ("Hite") and SCHNEIDER ELECTRIC USA, INC. f/k/a Square D Company ("Schneider," and together with Hite, collectively, the "Defendants"), who intending to be legally bound, hereby agree as follows:

1. On July 20, 2011, the Debtors filed voluntary petitions under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On the same day, Alfred T. Giuliano was appointed as the Chapter 7 Trustee by the United States Trustee, which appointment remains in effect.

2. The Trustee has asserted a claim for preference transfers recovery against the Defendants in the amount of $126,853.00 (collectively, the "Transfers") pursuant to a certain Complaint of Alfred T. Giuliano, Chapter 7 Trustee for Bionol Clearfield, LLC, *et* al. To (I) Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550; and (II) Disallow Claims Pursuant to 11 U.S.C. §§ 502(d) and 502(j), adversary no. 12-50895 (the "Complaint"), which was filed on or about September 25, 2012 (the "Claim").

3. The Defendants have asserted various defenses to the Claim.

4. In order to settle and resolve the Claim without the need for costly litigation, the Trustee and the Defendants have agreed to settle the Claim on the terms set forth herein.

5. In full satisfaction of the Claim, the Defendants will pay the Trustee the sum of $40,000.00 USD (the "Payment"), which amount shall be received on or before such date that is fourteen (14) days from the date of this Agreement. The Payment shall be allocated between the Defendants as follows: Hite - $30,000, and Schneider- $10,000. The Trustee will seek Bankruptcy Court approval of the settlement hereunder in accordance with settlement procedures that are in effect. The Payment shall be held in escrow by the Trustee and, upon receipt of the full Payment and approval of this Agreement, the Complaint will be dismissed with prejudice, with each party to bear its own costs and fees. If this Agreement is not approved by the Bankruptcy Court, this Agreement shall be null and void and made without prejudice to either party, and the Trustee shall return the Payment to the Defendants within ten (10) days of such disapproval.

6. Upon the Trustee's successful negotiation of the full amount of the Payment and approval of this Agreement by the Bankruptcy Court, the Trustee and the Debtors, on the one hand, and the Defendants, on the other hand, hereby remise, release, discharge and acquit each other, and each other's respective executors, executrixes, employees, shareholders, attorneys, officers and directors from any and all claims, actions, liabilities, debts and causes of action whatsoever, however incurred or arising, now existing or hereafter arising, known or unknown, actually brought or that could have been brought related to the Claim. In addition, upon making the Payment, the Defendants shall be deemed to have an allowed claim in the aggregate amount of $40,000.00, as provided under 11 U.S.C. § 502(h), allocated in the same manner as set forth in Section 5. This Agreement in no way affects any Proof of Claim previously filed by the Defendants.

7. Should any action, motion, suit or proceeding be commenced by any party to this Agreement to enforce any provision hereof, the prevailing party shall be entitled to recover from each other party against whom enforcement is sought, in addition to obtaining other relief, reasonable attorneys' fees and costs and expenses incurred in said action, suit or proceeding, including any appeal.

8. This Agreement contains the entire agreement between the parties and may only be amended in writing executed by all parties hereto and approved by the Bankruptcy Court.

9. This Agreement is being executed for settlement purposes only and does not constitute an admission of liability by the Defendants.

10. The Defendants and the individuals executing this Agreement on behalf of the Defendants, and the Trustee and the individual executing this Agreement on behalf of the Trustee, each represent and warrant that they have the authority to execute this Agreement and that when executed by the undersigned, the Defendants and the Trustee, respectively, will be bound hereunder.

11. This Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to Delaware's rules regarding conflict of laws. All disputes regarding this Agreement shall be brought in only the Bankruptcy Court.

12. Each of the parties shall pay its own respective costs and attorneys' fees incurred with respect to the Claim and this Agreement.

13. This Agreement shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each party

warrants that it has been represented and advised by counsel or has had full opportunity to be represented and advised by counsel with respect to this Agreement and all matters covered by it.

14. This Agreement may be executed in one or more counterparts, including by facsimile, each of which shall be deemed an original, but all of which together constitute one and the same instrument. Facsimile and electronic copies of executed copies of this Agreement shall be deemed the equivalent of an original copy of this Agreement for all purposes.

*(Remainder of page intentionally left blank. Signature page follows.)*

**IN WITNESS WHEREOF,** the parties are executing this Agreement as of the day and year first above written.

**THE HITE COMPANY**

By: _____
Name:
Title:


**SCHNEIDER ELECTRIC USA, INC. f/k/a Square D Company**

By: _____
Name:
Title:


**ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE**

By: _____
     Mark G. McCreary, Counsel to Chapter 7 Trustee